**HONORABLE FRED VAN SICKLE**

STEVEN J. TUCKER
  Prosecuting Attorney
ROBERT B. BINGER
  Sr. Deputy Prosecuting Attorney
Spokane County Prosecuting Attorney's Office
W. 1115 Broadway, 2nd Floor
Spokane, Washington 99260
(509) 477-5764

Attorney for Defendants


UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | | |
|---|---|---|
| DOUGLAS LUTHER MYSER, | ) | |
| | ) | No.  CV-06-0024-FVS |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **PROTECTIVE ORDER** |
| SPOKANE COUNTY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

* * * * * * * * * * * * * *

# **O R D E R**

PURSUANT TO THE STIPULATED MOTION FOR PROTECTIVE ORDER, IT IS HEREBY ORDERED that the following Protective Order is entered:

**PROTECTIVE ORDER**
  Page 1 of 4

1. The term "discovery materials" shall mean documents produced under requests for production, responses to interrogatories, and deposition testimony.

2. Any discovery materials produced by Spokane County pertaining to defendants Shover, Gregory, Peterson and Bunch shall be deemed "confidential" and treated in that manner under the provisions of this Protective Order.

3.      Any medical, psychological, business and/or income records produced by Douglas Myser and/or Federal Tax Resolution shall be deemed "confidential" and treated in that manner under the provisions of this Protective Order.

4. Absent court order, any documents deemed "confidential" under this Protective Order shall be held confidential by the parties and their attorneys, and shall not be disclosed to any other person nor made use of for any other purpose except as necessary in the prosecution or defense of this lawsuit, or in any related administrative proceeding, mediation or arbitration involving the parties. Confidential information under this Protective Order may be disclosed to such other persons only after they have been shown this Protective Order and they have agreed to be bound by its terms.

5. Persons assisting counsel in preparation of this litigation, including consulting and trial experts, may be provided access to the information, but only

upon showing them this Protective Order and advising them that they are bound by its terms.

6. Any copies or reproductions of discovery materials deemed confidential for use in connection with this litigation, absent an order negating such designation, shall be used only for that purpose, and upon conclusion of the litigation, all such copies or reproductions shall either be destroyed or returned to the party providing the information upon that party's request.

7. Except as provided in this Protective Order, discovery materials deemed confidential and information disclosed in the materials shall be held strictly in confidence, and shall not be disclosed to anyone else, by the parties or by their attorneys.

8. Information deemed confidential may be used in depositions without the necessity of sealing the documents first and may be shown to persons at the deposition, provided there is a need to do so.

9. The parties further agree that in the event that any of the materials described in this Protective Order are filed with the court as an exhibit to a pleading, the parties shall request that the court seal the exhibit.

10. If this litigation proceeds to trial, the degree to which discovery materials produced pursuant to this Protective Order remain "confidential" and the manner in

PROTECTIVE ORDER
 Page 3 of 4

which the materials will be used at trial will be determined by the agreement of the parties or order of the court. However, nothing contained in this Protective Order affects in any way or to any degree the admissibility of any discovery material or any information disclosed under the terms of this Protective Order. The admissibility of such material and information shall be governed by the Rules of Evidence and Procedure in the same manner as any other potential evidence in the case.

11. Nothing in this Order shall infringe upon the right of any party to object to providing information which is subject to the attorney-client privilege, or which is non-discoverable on any other legitimate ground.

DONE this __21st__ day of ____August_____, 2007.

___s/ Fred Van Sickle_____
**HONORABLE FRED VAN SICKLE**
UNITED STATES DISTRICT JUDGE

**PROTECTIVE ORDER**
  **Page 4 of 4**